Filed 7/9/26  P. v. Curry CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESSEP BOYD CURRY,<br><br>    Defendant and Appellant. | F089388<br><br>(Super. Ct. Nos. BF201290A, BF173564A, BF192455A, BF199398A and MF016291A)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Harrell, J. and Guerra, J.

Defendant has an alarmingly long history of dealing in stolen vehicles, resulting in charges filed across multiple cases. He filed a notice of appeal challenging the judgments in several cases in which he pleaded no contest. Counsel filed a *Wende* brief.[1] We find no arguable issues and affirm the judgments.

## STATEMENT OF THE CASE[2]

*Case No. BF173564A*

In a complaint filed in case No. BF173564A on August 29, 2018, the Kern County District Attorney charged defendant with receiving a stolen vehicle (Pen. Code, § 496d, subd. (a), count 1),[3] driving or taking another's vehicle without consent (Veh. Code, § 10851, subd. (a), count 2), and two counts of stealing personal property (§ 488, counts 3–4.) The complaint also alleged, as to counts 1 and 2, three prior prison term enhancements (§ 667.5, subd. (b)), and that defendant had been previously convicted of violating Vehicle Code section 10851, subd. (a) (§ 666.5, subd. (a)).

Defendant entered into a plea agreement whereby he would plead no contest to count 1, admit the prior conviction of Vehicle Code section 10851 (§ 666.5, subd. (a)) and one prior prison term enhancement (§ 667.5, subd. (b)). Defendant would be sentenced to a total of five years, two of which would be served in custody and the remainder on "supervision." Two other cases would also be dismissed pursuant to the agreement, and his five-year term would be concurrent to "all other matters."

On October 1, 2018, defense counsel stipulated that there was a factual basis for the plea, and defendant entered pleas in accordance with the plea agreement. The prosecution moved to dismiss the remaining charges and allegations, as well as case

---

[1]  *People v. Wende* (1979) 25 Cal.3d 436.

[2]  Defendant's cases were resolved by no contest pleas. Defense counsel stipulated that there was a basis for the pleas, so no factual basis was recited at the change of plea hearings. Consequently, the underlying facts of the offenses are not elucidated.

[3]  All further statutory references are to the Penal Code unless otherwise stated.

Nos. BF173132 and BF173240, on the condition the plea remains in full force and effect, with a *Harvey*[4] waiver. Defendant also agreed to be sentenced concurrently with several other pending cases.

At a hearing on October 30, 2018, the trial court sentenced defendant to four years in jail on count 1 (§ 1170, subd. (h)(5)(b)), plus one year for the section 667.5, subdivision (b) enhancement. The court ordered that defendant would serve two years in custody and the remainder of his term under mandatory supervision. The court also modified defendant's mandatory supervision in other cases to coincide with the mandatory supervision imposed in the present case.

*Case No. BF192455A*

In a complaint filed December 2, 2022, the Kern County District Attorney charged defendant with conspiracy to commit attempted grand theft (§§ 664, 487, subd. (a), count 1) and attempted grand theft (§§ 664, 487, subd. (a), count 2). The complaint also alleged a prior strike.

In May 2023, defendant entered a plea agreement regarding multiple pending cases. Defendant would plead no contest to count 1 of case No. BF192455A, count 1 of case No. BF193856A (and admit an on-bail enhancement in this case), count 1 of case No. BF194346A plus two misdemeanors alleged in the case (i.e., § 148, subd. (a)(1) & Veh. Code, § 2800.1, subd. (a)) and admit a prior conviction for theft. Defendant's total term would be five years eight months, the first year of which would be served in custody and the remainder on mandatory supervision.

On May 17, 2023, defendant entered pleas in accordance with the plea agreement and admitted he violated his mandatory supervision. Defense counsel stipulated that there was a factual basis for the pleas. The prosecution dismissed the remaining counts and allegations on condition the plea remained in full force and effect.

---

4    *People v. Harvey* (1979) 25 Cal.3d 754

On June 21, 2023, the trial court sentenced defendant to two years in jail on count 1 of case No. BF192455A, a consecutive eight-month term on count 1 of case No. BF193856A plus a consecutive two years for the enhancement under section 12022.1, and a consecutive one-year term for count 1 of case No. BF194346A, for a total of five years eight months. The court provided that defendant would serve the first year of his term in custody and the remainder on mandatory supervision.

*Case Nos. BF199398A*

In an information filed in case No. BF199398A on November 13, 2024, the Kern County District Attorney charged defendant with receiving a stolen vehicle (§ 496d, subd. (a), count 1), receiving stolen property (§ 496, subd. (a), count 2), vandalism over $400 (§ 594, subd. (b)(1), count 3), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a), count 4).

The information also alleged aggravating circumstances under California Rules of Court, rule 4.421 (b)(3), (b)(4), and (b)(5)[5] as to all counts, two prior auto theft convictions (§ 666.5, subd. (a)) as to count 1, and a prior strike (§§ 667, subds.(e)–(j) & 1170.12, subds. (a)–(e)).

Defendant entered into an agreement whereby he would plead no contest to count 1 and stipulate to receiving the upper term sentence for that count. Defendant would also admit the aggravating circumstance under rule 4.421(b)(3) and admit one of the theft priors under section 666.5, subdivision (a). Defendant would also plead no contest to a charge of violating section 496d, subdivision (a) in case No. BF201290A. Defendant's total term between the two cases would be four years eight months, with the first two years to be served in custody and the remainder served on mandatory supervision. Counsel stipulated there was a factual basis for the pleas. Defendant entered pleas and admissions in accordance with the agreement.

---

**5** All further rule references are to the California Rules of Court.

Defendant also admitted violations of his mandatory supervision in case Nos. BF192455A and BF173564A and was ordered to serve concurrent time. The prosecution moved to dismiss all remaining charges and allegations in case Nos. 199398A and 201290A on the condition defendant's pleas and admissions remained in full force and effect.

*Case No. MF016291A*

On November 7, 2024, in case No. MF016291A, the Kern County District Attorney filed a complaint charging defendant with receiving a stolen vehicle (§ 496d, subd. (a), count 1), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a), count 2), driving while privilege suspended or revoked (Veh. Code, § 14601.1, subd. (a), count 3). The complaint also alleged aggravating factors under rule 4.421(b)(2), (b)(3), and (c) as to counts 1 and 2.

On January 15, 2025, defendant entered a no contest plea as to count 1, pursuant to a plea agreement. The agreement provided that defendant would serve 16 months in jail, concurrent with all of the other cases for which he was serving sentences. Counsel stipulated to a factual basis for the plea. The remaining counts and allegations were dismissed, conditioned on the plea remaining in full force and effect.

*Sentencing Hearing on January 22, 2025*

On January 22, 2025, the trial court sentenced defendant to the upper term of four years in jail on count 1 of case No. BF199398A, plus a term of eight months in jail on count 1 of case No. BF201290A. The court stated the eight-month term would run concurrently, but defendant concedes on appeal that the parties had intended for the eight-month term to run consecutively to his four-year term. The minute order states the eight-month term was to run consecutively. Two years of the total term was to be served in custody and the remainder on mandatory supervision.

The trial court also modified defendant's mandatory supervision in case Nos. BF192455A, BF193156A, and BF194346A to provide for two years in custody, concurrent with the sentences imposed in case Nos. BF199398A and BF201290A.

Defendant had already completed his mandatory supervision in case No. BF173564A.

*Sentencing Hearing on February 14, 2025*

On February 14, 2025, the trial court sentenced defendant to the low term of 16 months in jail on count 1 of case No. MF016291A, which would be served concurrent to the sentences imposed in case Nos. BF143508A; BF150491A; MM105745A; BF201290A; BF199398A; BF173564A and BF192455A.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of an arguable error that would result in a disposition more favorable to defendant.

However, we will briefly note that the court's standard letter issued to defendants in *Wende* cases was returned undeliverable in this case. Appellant's counsel's declaration included with the *Wende* brief indicated the address we used was the only one Kern County Probation has on file for defendant.[6] Our clerk's office also contacted the superior court to possibly obtain a current address for defendant, but the superior court did not have another one, nor did appellate counsel.

We conclude our inability to contact defendant despite multiple attempts to do so poses no barrier to our resolution of this matter. Defendant personally filed the notice of appeal in this case. In that document, he provided his address as "[***95] Ind farm Road" in Bakersfield, which is an address of the Kern County Sheriff's Office Lerdo Detention Complex. In 2025, this court sent letters regarding appointed counsel to

---

[6] This is possibly cause for concern, given that it appears defendant should be on mandatory supervision currently.

defendant, but they were marked by the U.S. Postal Service as "return to sender, not in custody, unable to forward." When we sent the *Wende* letter described above, we used a different address because defense counsel indicated it was the only address Kern County Probation had on file for defendant.

It is the responsibility of litigants and counsel to provide notice of any change in address. (Rule 8.32.) Failure to do so will not inure to the violating party's benefit. Having tried to contact defendant at all addresses provided by him and/or counsel, we have no choice but to resolve this matter.

## DISPOSITION

The judgments are affirmed.